NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

OCT 0 2 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-258-JMH

GIRTHA WRIGHT and DARRELL WRIGHT                                    PLAINTIFFS

VS:                **MEMORANDUM OPINION AND ORDER**

FEDERAL MEDICAL CENTER, ET AL.                                      DEFENDANTS

The plaintiffs, Girtha and Darrell Wright, who list their address as 2250 Eldridge, Memphis, Tennessee, have filed a handwritten, one-and-a-half-page *pro se* civil rights complaint. They have entitled their submission as a "wrongful death lawsuit and a violation of civil rights." [Complaint, p.1] The suit stems from the death of Menelik Wright, the son of plaintiff Girtha Wright and the brother of plaintiff Darrell Wright. The named defendants are the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), and the University of Kentucky Hospital.

The plaintiffs assert no basis for jurisdiction.[1] To the extent that the plaintiffs allege in

---

[1]

The Clerk of the court has docketed this action as falling under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), which provides as follows in relevant part:

The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

(2) *Any other civil action or claim against the United States*, not exceeding $10,000 in

the broadest and most general of terms in the heading of their submission that the defendants are liable for "Violation of Civil Rights," the complaint could be construed as asserting claims under either 42 U.S.C §1983 (as to Defendant University of Kentucky Hospital) or 28 U.S.C. §1331, under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (as to Defendant FMC-Lexington).[2]

Additionally, to the extent that the plaintiffs allege in the heading of their submission that the defendants are liable for "Wrongful Death," they may be asserting state law claims against the University of Kentucky Hospital on the basis of diversity of jurisdiction, 28 U.S.C. §1332. This statute grants district courts with original jurisdiction over matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* §1332(a)(1).

Although the plaintiffs are not prisoners, they have sought permission to proceed without the payment of the $350.00 filing fee pursuant to 28 U.S.C. §1915(a)(1). That motion will be addressed by separate Order. Under the provisions of 28 U.S.C. §1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997), the Court is vested with the authority to

---

amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated or unliquidated damages in cases not sounding in tort. . . .

[2]

To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of *state* law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

screen the complaint.

## ALLEGATIONS OF THE COMPLAINT

The plaintiffs allege that on August 18, 2005, the decedent, Menelik Wright, was incarcerated at FMC-Lexington when he suffered a heart attack and died. They allege that he had been on a treadmill for slightly more than a minute before he suffered the heart attack. They claim that a little over a month before he died, the decedent had called home and informed the plaintiffs that he had pulled a muscle in his chest as a result of lifting weights. According to the complaint, the decedent further informed the plaintiffs during this call that he had stayed at the University of Kentucky Hospital for 3-4 days as a result of his chest pains.

Plaintiff Darrell Wright alleges that when Menelik Wright informed him during that phone call about his chest pains, he (Darrell) instructed his brother to "stay off the weights." The plaintiffs then allege as follows:

> "after awaking from a nap on 8-18-05, Melenik went to the treadmill for a little over a minute had a heart attack and died; after autopsy performed it was discovered that Menelik had 95% stenosis in his right coronary artery, 65% left anterior descending artery and 50% stenosis left circumflex artery.

The plaintiffs seek $10,000,000.00 in damages from the defendants.

## DISCUSSION
### 1. Claims Against FMC-Lexington
### A. Alleged Constitutional Violations

The complaint alleges that a month before the decedent died, he had suffered from chest pains and had been hospitalized for them. The plaintiffs have alleged in vague and conclusory fashion that there was a "constitutional violation" committed by employees of FMC-Lexington. The Court is unable to ascertain from the complaint the existence of a constitutional violation

relating to this defendant. The complaint makes no mention of any action at the hands of FMC-Lexington employees, and the only reference to the facility relates to the fact the decedent was confined there at the time of his death. The complaint does not identify what constitutional right was violated or how employees of FMC-Lexington allegedly violated the decedent's rights.

The plaintiffs generally allege that the decedent was deprived of rights secured by the federal Constitution. They do not identify the substance of the alleged constitutional violation. They do not set forth the factual basis of the claim in a manner that gives the defendants proper notice. The complaint requires FMC-Lexington and the Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Simply put, the plaintiffs' allegations against FMC-Lexington are simply too broad and vague to implicate a constitutional claim. Their sweeping but unsupported allegation, that FMC-Lexington violated the decedent's constitutional rights, is inadequate to warrant further evaluation by the Court. *See O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994); *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987); *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981); *Davidson v. State of Georgia*, 622 F.2d 895, 897 (5th Cir. 1980); *Alston v. Gluch*, 900 F.2d 259, 1990 WL 47388, **1 (6th Cir. (Mich.) April 16, 1990) (Unpublished Disposition) (Petitioner's allegations were too vague and conclusory to adequately allege a First Amendment claim).

4

Moreover, to the extent that the Court could construe a *Bivens* claims against the Bureau of Prisons ("BOP"), which administers FMC-Lexington, that claim would fail because of the doctrine of sovereign immunity. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159,166 (1985). The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. at 166. The BOP is a federal agency. "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued under that name as a defendant; moreover, plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief). Any construed claim against the BOP fails to state a claim upon which relief could be granted and must be dismissed with prejudice.

### B. Wrongful Death Claims Against FMC-Lexington

To the extent that the plaintiffs have asserted a wrongful-death claim against FMC-Lexington, the United States, or the BOP, that claim would be governed by the requirements of

the FTCA. A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing his action to federal court. 28 U.S.C. §2675(a).[3] A person alleging the existence of a negligence claim must present his claim in writing within two years after such claim accrues. 28 U.S. C. §2401.

"The FTCA bars claimants from bringing suit in the federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106,113 (1980); *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986); *Allison v. Gay*, 50 Fed. Appx. 719, 2002 WL 31473047 (6th Cir. (Mich.) October 30, 2002) (District Court lacked subject-matter jurisdiction of Allison's claims because she failed to exhaust her administrative remedies under the FTCA); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit. *See Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *Joelson v. United States,* 86 F.3d 1413, 1422 (6th Cir. 1996)

The instant plaintiffs do not indicate that they presented any construed negligence claim to the BOP under the FTCA's administrative remedy procedure. Therefore, the Court lacks

---

[3]

28 U.S.C. §2675(a) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. (Emphasis Added)

6

subject-matter jurisdiction over the plaintiff's FTCA claims, because nothing in the record suggests that the plaintiffs first presented their FTCA claim to the BOP for informal resolution. Accordingly, the Court dismisses without prejudice the plaintiff's construed FTCA negligence claim, for failure to exhaust in accordance with FTCA requirements.

### 2. Claims Against the University of Kentucky Hospital
#### A. Alleged Constitutional Violations

The plaintiffs have named the University of Kentucky Hospital, an arm of the Commonwealth of Kentucky. To the extent the plaintiffs allege that the decedent's constitutional rights were violated, that claim arises under 42 U.S.C. §1983. This claim suffers from the same defect as the constitutional claims against FMC-Lexington: the plaintiffs fail to allege with any degree of specificity that the University of Kentucky Hospital violated the decedent's constitutional rights. That claim will be dismissed with prejudice.

#### B. Wrongful Death Claim

The complaint is rudimentary in content. It appears that the plaintiffs may be alleging that the medical staff at the University of Kentucky Hospital failed to diagnose the extent and severity of the decedent's stenosis subsequently revealed in the autopsy. They further appear to allege that upon discharging him the month before, the University of Kentucky Hospital failed to properly inform the decedent as to what type of physical activity he should have undertaken.

The Eleventh Amendment to the United States Constitution, however, bars the plaintiffs' claims. The Eleventh Amendment provides as follows:

> ""The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

It is well established that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143 (1979); *see also Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355 (1974). Only where Congress has explicitly abrogated a state's immunity to suit on the face of a statute, see *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147 (1985), or where the state itself has consented to suit, *see Edelman*, 415 U.S. at 673, 94 S.Ct. at 1360, will a federal court have jurisdiction over a state defendant.

In *Martin v. University of Louisville*, 541 F.2d 1171, 1174-77 (6th Cir. 1976), the Sixth Circuit explicitly determined that suits for money damages against the University of Louisville or its officers acting in their official capacities were barred by the Eleventh Amendment. Here, the plaintiffs have named the University of Kentucky Hospital, which is tantamount to naming the State of Kentucky as a defendant. *Hutsell v. Sayre*, 5 F.3d 996, 1002-03 (6th Cir.1993), *cert. denied*, 510 U.S. 1119 (1994).

In *Hutsell*, the Sixth Circuit considered whether agency or institution can be characterized as arm or alter ego of state or whether it should be treated instead as political subdivision for purposes of applying Eleventh Amendment immunity. *Hutsell* noted that the most important factor in resolving the question was whether any monetary judgment would be paid out of the state treasury, citing *Estate of Ritter v. University of Mich.*, 851 F.2d 846 (6th Cir.1988). *Hutsell*, 5. F.3d at 999. *Ritter* held that the federal question of whether the Eleventh Amendment applies entails consideration of the status of the state agency under state law. *Ritter*, 851. F.2d at 848.

After lengthy analysis, *Hutsell* affirmed this Court and concluded that for purposes of

8

Eleventh Amendment application, the University of Kentucky was an "arm of the state," rather than political subdivision. *Id.* 5 F.3d at 999-1000. The *Hutsell* court determined that a claim for money damages against the University of Kentucky under KRS 44.072 (the Kentucky Board of Claims), was specifically classified by statute as claim against state treasury. *Hutsell* 5 F.3d at 1000.[4] The court in *Hutsell* held that the Eleventh Amendment precluded the plaintiff's claims against the University of Kentucky. The same result obtains in the instant case.

In summary, the plaintiffs' wrongful death claims against the University of Kentucky Hospital must be dismissed on the grounds of Eleventh Amendment immunity.

---

[4]

The Sixth Circuit noted that KRS 44.072 ("Claims Upon the Treasury") establishes the Kentucky Board of Claims and authorizes claims for negligence against the Commonwealth, or any of its agencies, departments, officers or employees. *Hutsell*, 5 F.3d at 1000. The Court noted that the statute expressly reserves sovereign immunity. [*Id.*]. The court further noted that according to the provisions of KRS 44. 073, "*For purposes of KRS 44.072, state institutions of higher education under KRS Chapter 164 are agencies of the state.*" *Hutsell*, 5 F.3d at 1000 (Emphasis Added in opinion).

The court then noted that (except as provided in Chapter 44), KRS 164.2871(3) specifically states that the purchase of liability insurance by the governing board, of each state institution for members of governing boards, faculty and staff, shall not be construed to be a waiver of sovereign immunity or any other immunity or privilege. *Hustell*, 5 F.3d at 1001. The *Hustell* court cited to one of its previous cases, *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir.1990), which involved a suit against the University of Louisville School of Medicine for wrongful dismissal. In discussing the treatment of the sovereign immunity issue in the *Cowan* case, *Hutsell* stated as follows:

> "This statute [KRS §164.2871(3)] is hardly what the Supreme Court envisioned when it wrote 'we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.' *Edelman*, 415 U.S. at 673, 94 S. Ct. at 1361 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 464, 53 L. Ed. 742 (1909)). Needless to say, we find plaintiff's argument that Kentucky has consented to this suit unconvincing. *Cowan*, 900 F.2d at 941. Given that UK also qualifies as 'a state institution of higher education,' our interpretation of §164.2871 applies with equal force here."

*Hutsell*, 5 F.3d 1000- 1001.

9

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The plaintiffs' constitutional claims against FMC-Lexington, asserted under *Bivens,* are **DISMISSED WITH PREJUDICE.**

(2)   The plaintiffs' construed negligence/wrongful death claims against FMC-Lexington, under the FTCA, are **DISMISSED WITHOUT PREJUDICE.**

(3)   The plaintiffs' constitutional claims against the University of Kentucky Hospital, under §1983, are **DISMISSED WITH PREJUDICE.**

(4)   The plaintiffs' wrongful death claims against the University of Kentucky Hospital are **DISMISSED WITH PREJUDICE.**

(5)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This the 2d day of October, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: